**STATE of Tennessee, Appellee,**

v.

**Anthony COLEMAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 3, 1994.

A.C. Wharton, Public Defender, Walker Gwinn, Asst. Public Defender, Memphis, for appellant on appeal.

Vincent A. Stepter, Asst. Public Defender, Memphis County Public Defender's Office, Memphis, for appellant at trial.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., Lee Wilson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

PEAY, Judge.

The defendant was convicted by a jury of two (2) counts of theft of property over one thousand dollars ($1000) and sentenced as a career offender to serve a term of twelve (12) years in the Department of Correction.

In this appeal as of right the defendant presents two (2) issues for review. In his first issue he contends that the trial court erred in finding the defendant guilty of two (2) counts of theft based on the theft of the same automobile from the same person with the same intent on the same occasion. In his second issue he challenges the sufficiency of the convicting evidence. Based upon the applicable law and a review of the record, we find that the conviction on the second count should be affirmed, and the conviction on the first count should be reversed and dismissed.

Sometime between Friday, September 4, 1992, and Monday, September 7, 1992, a slate blue Buick Regal was stolen from a downtown Memphis parking lot. The victim, Denise Willis, reported the vehicle missing to Memphis police.

About 12:30 a.m. on September 10, 1992, Memphis police officer Bradley Newsom, while patrolling the downtown area of Memphis, received a tip that a stolen bluish-gray Buick was parked in a downtown lot. He proceeded to the scene and observed the defendant standing in the parking lot.

At approximately 2:00 a.m., Officer Newsom passed the defendant driving the stolen vehicle. Newsom testified that "the street [had been] well-lit with street lights" and that "as [they had] passed, [the defendant] looked right at [him] and [he had] looked at the defendant." Officer Newsom then turned his vehicle around and attempted to stop the defendant's vehicle, but the defendant continued driving, running three (3) red lights. When the defendant reached Vanee Avenue, he jumped out of the vehicle while it was still rolling and ran eastward through some housing projects. Officer Newsom put out a broadcast on the defendant, and he was apprehended shortly thereafter (approximately two (2) minutes later) by two (2) plainclothes policemen. One of the plainclothes officers testified that as they were placing the defendant on the ground, he had yelled, "I don't know anything about that car," even though the officers had not yet asked the defendant anything about a stolen car.

■ In his first issue the defendant contends that one (1) of the two (2) identical judgments finding the defendant guilty of theft of property over one thousand dollars ($1000) should be set aside. Specifically, he contends, and we agree, that to "create two separate crimes from one theft of the identical property from the identical person with the identical intent" would violate the double jeopardy provisions of both our state and United States Constitution. *See* Tenn.

Const. art. I, § 10; U.S. Const. amend. V.[1]

T.C.A. § 39–14–103 states that "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." The defendant was indicted in Count One (1) for "unlawfully and knowingly obtain[ing] property ... without the effective consent of [the owner]" while Count Two (2) charged the defendant with "unlawfully and knowingly exercis[ing] control over property ... without the effective consent of [the owner]."

As stated above, T.C.A. § 39–14–103 specifies two (2) means by which the offense of theft may be committed, but it does not allow the State to create two (2) separate crimes for one (1) theft of identical property from the identical person with the identical intent. *See State v. Goins*, 705 S.W.2d 648, 650 (Tenn.1986); *Grant v. State*, 213 Tenn. 440, 374 S.W.2d 391, 393 (1964).

In this case the proof to support the offense of "obtaining" the automobile was the same as that for the offense of "exercising control" over the automobile. There is no separate evidentiary basis to support the conviction for "obtaining" the property. *See State v. Black*, 524 S.W.2d 913 (Tenn.1975). Under the facts of this case, the prohibition against double jeopardy prohibits conviction for both offenses. We, therefore, set aside the conviction and dismiss Count One (1).

In his second issue the defendant challenges the sufficiency of the convicting evidence. Specifically, he contends that the evidence on the issue of identity is such that a rational trier of fact could not find beyond a reasonable doubt that the defendant obtained or exercised control over the stolen vehicle. We respectfully disagree.

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Cabbage*, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn.1982).

In the case at bar, Officer Newsom testified that he had observed the defendant driving the stolen vehicle and that when he had attempted to stop the defendant, the defendant had sped up, run three (3) red lights, and jumped out while the vehicle was still moving. He stated that he had gotten a good look at the defendant, and he identified the defendant at trial. Officer Cleveland, the officer who ultimately apprehended the defendant, testified that when he had been notified that a subject had bailed out of a car in the Foote Holmes Housing Project, he had gone to the area to look for the suspect.

---

1. Although the State contends that the defendant has waived this issue pursuant to T.R.A.P. 3(e) by failing to preserve the issue in his motion for a new trial, we hold that the plain error rule applies to this constitutional error. *See State v. Goins*, 705 S.W.2d 648, 650 (Tenn.1986).

Upon spotting him, Officer Cleveland yelled for him to stop. He testified that the defendant had initially run, but that he had been immediately apprehended. Officer Cleveland then took the defendant to Officer Newsom for identification. At trial Officer Cleveland also identified the defendant as the person that he had apprehended.

In viewing the evidence in a light most favorable to the State, it is clear that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This issue is without merit.

Based on this Court's findings, the conviction in Count Two (2) is affirmed and the conviction in Count One (1) is reversed and dismissed.

JONES and SUMMERS, JJ., concur.