**STATE of Tennessee, Appellee,**

v.

**Rex JONES, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 9, 1996.

Permission to Appeal Denied by Supreme Court March 10, 1997.

Charles M. Corn, District Public Defender, William C. Donaldson, Assistant District Public Defender, Athens, for Appellant.

Charles W. Burson, Attorney General and Reporter, Michael J. Fahey, II, Assistant Attorney General, Criminal Justice Division, Nashville, Jerry N. Estes, District Attorney General, Sandra N. Craig Donaghy, Assistant District Attorney General, Athens, for Appellee.

## OPINION

SUMMERS, Judge.

The appellant, Rex Jones, was convicted of two counts of rape, two counts of incest, aggravated child abuse, simple assault, five counts of child abuse, and six counts of child neglect. He pled guilty to eighteen counts of failure to send children to school. The trial court set aside one count of rape and one count of incest. On the remaining charges, the appellant was sentenced to an effective sentence of twenty-seven years, eleven months and twenty-eight days. (See Appendix).[1] On appeal, he argues:

1. The trial court erred by failing to require the state to answer a Bill of Particulars as to time and date of the rape charge,

2. The evidence is insufficient to support a conviction for aggravated child abuse, and

3. That his sentence is excessive.

On cross appeal, the state argues that the trial court erred in setting aside a rape and an incest conviction.

## FACTS

The appellant and his eight children lived in a two room motel. Testimony revealed that the appellant physically abused his children and had sexual relations with his oldest daughter (XJ) at least once a day. He gave XJ pills and beer before he would sexually abuse her. He would also perform oral sex on XJ to arouse her prior to intercourse.

XJ testified. She stated that if she allowed the appellant, her father, to sexually abuse her, he would be less physically abusive toward her. She stated that he would get angry if she failed to moan or act sexually aroused. He would also tell her that he would not stop until she acted as if she was enjoying the sexual abuse.

XJ's testimony was corroborated by testimony of her siblings. RJ, age 12, observed his father, the appellant, having sexual intercourse with his sister, XJ. He stated that XJ was crying. WJ, age 9, observed his father, the appellant, having sexual relations with XJ. WJ stated that when his father was finished, XJ ran to the bathroom crying. RJ, III, age 11, observed his father, the appellant, having sexual intercourse with XJ. The appellant told RJ, III, not to tell his mother. YJ, age 15, walked into a room while XJ and the appellant were having sex. XJ, upon seeing YJ, pulled her gown down and went into the bathroom. The next day the appellant gave YJ five dollars and instructed her not to tell anyone what she had observed. At the sentencing hearing, the appellant admitted to having an incestuous relationship with XJ.

## I

The appellant first argues that the state failed to make proper elections. He contends that the state failed to set forth, with sufficient specificity, the dates and instances of sexual abuse upon which counts 1, 2, 3, and 4 were based. He argues that the elections should have been made both prior to and at the conclusion of the trial. He intertwines an allegation that non-date specific testimony is improper. Appellant's arguments are misguided.

█ Evidence of uncharged sex crimes may be admissible when: (1) the indictment is not time specific, and (2) the evidence relates to sex crimes occurring within the time frame charged in the indictment. *State v. Rickman,* 876 S.W.2d 824, 829 (Tenn.1994). In such cases, the state must elect at the close of proof the particular incident(s) upon which a conviction is being sought. *Id.* The election requirement ensures unanimity in jury verdicts. *State v. Shelton,* 851 S.W.2d 134, 137 (Tenn.1993). The state, however, is not required to identify the date of the elected offense. *Id.*

We have reviewed the record. Count 1 charged the appellant with rape by sexually penetrating XJ. The state elected the offense occurring at the Holiday Inn and observed by XJ's sister, YJ. Count 3 charged the appellant with incest for the same incident elected in Count 1. Count 2 charged the appellant with rape by sexually penetrating XJ by fellatio. The state elected the

---

1. The trial judge was meticulous in setting out the complicated array of sentences in the multi- ple judgment sheets. Our appendix aids the reader to understand the cumulative sentence.

offense that RJ observed at the Holiday Inn. Count 4 charged the appellant with incest for the acts relied upon in Count 2. Accordingly, we find that the state made proper elections. This issue is without merit.

## II

The appellant's next assignment of error alleges that the evidence was insufficient to support a conviction for aggravated child abuse. He argues that the state failed to prove that the appellant's actions caused serious bodily injury. We disagree.

■■■ Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit state's witnesses and resolve all evidentiary conflicts in the state's favor. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); *State v. Banes,* 874 S.W.2d 73, 78 (Tenn. Crim.App.1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. *State v. Grace,* 493 S.W.2d 474 (Tenn.1973). Appellants carry the burden of overcoming a presumption of guilt when appealing jury convictions. *Id.*

■ When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63 (Tenn.1985); Tenn.R.App.P. 13(e). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield,* 676 S.W.2d 542 (Tenn.1984); *Byrge v. State,* 575 S.W.2d 292 (Tenn.Crim.App.1978).

One who treats a child under eighteen years of age in such a manner as to inflict injury is guilty of child abuse. Tenn.Code Ann. § 39–15–401 (1995 Supp.). One who commits child abuse and causes serious bodily injury to the child is guilty of aggravated child abuse. Tenn.Code Ann. § 39–15–402(a)(1) (1995 Supp.). Serious bodily injury is defined as a bodily injury involving a substantial risk of death or extreme physical pain. Tenn.Code Ann. § 39–11–106(a)(33) (1995 Supp.).

■ NJJ, the victim, testified that one day, when he was approximately eleven years old, he was playing cops and robbers. He stated that the appellant got angry with him, slapped him, knocked him to the floor, and stomped him on his head. He stated that after the appellant ceased stomping on his head, the appellant picked him up by his shirt and slammed him into a corner. NJJ stated that his head hurt really bad. He stated that he saw white flashes as his father repeatedly stomped on his head. The injuries caused a bad headache, ringing in his hears, and bruising.

We find the evidence sufficient to support a conviction for aggravated child abuse. The jury could have drawn a reasonable and legitimate inference that NJJ suffered extreme physical pain as a result of his father stomping on his head. This issue is without merit.

## III

The appellant's last assignment of error challenges his sentence as being excessive. He argues: the trial court erred in applying Tenn.Code Ann. § 40–35–114(7) (1995 Supp.) to enhance his sentences for rape and incest; the trial court erred in applying Tenn.Code Ann. § 40–35–114(15) (1995 Supp.) to enhance his sentence for rape; the trial court erred in applying Tenn.Code Ann. § 40–35–114(16) (1995 Supp.) to enhance his sentence for aggravated child abuse; and the trial court erred in imposing consecutive sentences.

### Tenn.Code Ann. 40–35–114(7)

■ The appellant argues that T.C.A. § 40–35–114(7) should not apply to enhance a sentence for a sexual offense. Enhancement factor (7) allows sentence enhancement for offenses involving victims when the offense "was committed to gratify the defendant's desire for pleasure or excitement." Tenn.

Code Ann. § 40–35–114(7). He contends that factor (7) is inherent in sexual offenses and should not be applied.

Factor (7) is neither inherent in nor an essential element to a rape conviction. *State v. Kissinger,* 922 S.W.2d 482 (Tenn.1996). The focus of factor (7) is on the defendant's motive for the commission of the offense. *Id.*

■ The record supports a finding that the appellant raped his daughter to gratify a desire for pleasure. He treated his daughter as if she were his girlfriend. He wanted her to act as if she was enjoying their sexual encounters. He was bothered by her failure to make sounds or move. He instructed her to participate by moaning and acting aroused. We, therefore, cannot conclude that the trial judge erred in applying this factor.

### Tenn.Code Ann. § 40–35–114(15)

■ The appellant argues that the trial court erred in enhancing his sentence under Tenn.Code Ann. § 40–35–114(15). Factor (15) allows a sentence to be enhanced when a defendant abuses a position of public or private trust. The appellant, however, maintains that because he received a consecutive sentence for incest, his sentence for rape should not be enhanced by factor (15). We disagree.

As the victim's father, the appellant occupied a position of trust. Children trust their custodial parents to care for and protect them. The appellant, however, abused that trust. Merely because the appellant was also convicted of incest does not entitle him to any largess. Factor (15) was appropriately applied.

### Tenn.Code Ann. § 40–35–114(16)

■ The appellant argues that Tenn. Code Ann. § 40–35–114(16) was improperly applied to enhance his sentence for aggravated child abuse. Factor (16) permits enhancement for crimes "committed under circumstances under which the potential for bodily

injury to a victim was great." *Id.* The appellant maintains that the facts did not demonstrate a culpability distinct from and appreciably greater than that incident to aggravated child abuse. The state acknowledges that the trial court improperly applied this factor.

Aggravated child abuse is abuse of a child coupled with either serious bodily injury or use of a deadly weapon. Tenn.Code Ann. § 39–15–401, 402 (1995 Supp.). The appellant was convicted of aggravated child abuse for causing serious bodily injury. Serious bodily injury was an element of the convicted offense. Consequently, factor (16) should not have been applied.

### SENTENCES

The trial court found and the record supports application of enhancement factors (7), (8), and (15) to the appellant's sentence for rape. Factors (7) and (8) were applicable to the appellant's sentence for incest. Factor (15) was properly applied to the sentence for aggravated child abuse.

In addition, we find that the appellant has a long history of criminal behavior. Tenn. Code Ann. § 40–35–114(1) (1995 Supp.). We, therefore, find enhancement factor (1) applicable to each conviction. We further find factor (8) applicable to the aggravated child abuse conviction. In the absence of any mitigating factors, we cannot state that the evidence preponderates against the sentences imposed by the trial judge.

### CONSECUTIVE SENTENCES

■ The appellant argues that imposition of consecutive sentences was error. We disagree. The record supports the trial court's findings that the appellant was a professional criminal [2] and that the offenses were committed while he was on probation. Tenn.Code Ann. § 40–35–115(b)(1) & (6) (1990 Repl.). Moreover, the record supports a finding that the appellant is an offender with an extensive record of criminal activity. Tenn.Code Ann.

2. The record indicates that the appellant made as much as $9,000.00 per week selling prescription

pain medication.

§ 40–35–115(2) (1990 Repl.). This issue is without merit.

## CROSS APPEAL

■ On cross appeal, the state asserts that the trial court erred in setting aside the jury's verdicts in counts 2 and 4. In count 2, the jury convicted the appellant of rape. In count 4, the appellant was convicted of incest. The trial judge, however, set aside both verdicts due to a variance in the indictment and proof presented at trial.

A variance is not fatal unless it is both material and prejudicial. *State v. Moss*, 662 S.W.2d 590, 592 (Tenn.1984). A variance is not material unless it either deprives the accused of the protection against double jeopardy or misleads the accused at trial. *Id.* Moreover, a material variance will not be found where the allegations and proof substantially correspond. *State v. Holloman*, 835 S.W.2d 42, 45 (Tenn.Crim.App. 1992).

There is no danger that the appellant will be prosecuted twice for the same offense. Double jeopardy prohibits subsequent prosecution of the appellant for offenses against XJ occurring within the time frame alleged in the indictment. *See State v. Anderson*, 748 S.W.2d 201, 203 (Tenn.Crim.App.1985). Our remaining inquiry is whether the indictment misled the appellant.

An indictment should state facts constituting an "offense in ordinary and concise language, without prolixity or repetition." Tenn.Code Ann. § 40–13–202 (1990 Supp.). An indictment is not fatal merely due to inclusion of unnecessary prolix or surplusage words. *State v. Coleman*, 891 S.W.2d 237 (Tenn.Crim.App.1994). Upon rejecting the surplusage, however, the indictment must still sufficiently apprise the defendant of the indicted offense. *Id.*

In counts 2 and 4, the appellant was indicted for rape and incest. The indictment in count 2 read as follows:

... that Rex Jones ... unlawfully, intentionally, and knowingly forcibly or coercively sexually penetrate [the victim] by fellatio, ... in violation of T.C.A. 39–13–501(a)(1) ...

The indictment in count 4 read as follows:

... that Rex Jones ... unlawfully, intentionally, and knowingly forcibly or coercively sexually penetrate [the victim] by fellatio, a person the said Rex Jones knows to be his ... his child, in violation of T.C.A. § 39–13–302 [39–13–502]...

Rape is the "unlawful sexual penetration of a victim" by force or coercion. Tenn.Code Ann. § 39–13–503 (1995 Supp.). Sexual penetration is defined to include "sexual intercourse, cunnilingus, fellatio." Tenn.Code Ann. § 39–13–501 (1991 Repl.).

At trial, XJ stated that she did not perform fellatio on the appellant during the time frame set forth in the indictment. She did testify, however, that the appellant performed oral sex on her prior to having sexual intercourse.

Because sexual penetration is statutorily defined to encompass fellatio, we find that the phrase "by fellatio" was unnecessary surplusage. Upon striking the surplusage, the indictment sufficiently apprises the appellant of the offense charged, rape by sexual penetration. Moreover, this Court has held that a material variance did not occur when an indictment alleged the defendant performed an oral sex act on a child while the proof showed that the child fellated the defendant. *State v. Sterna*, C.C.A. 01C01–9007–CR–00163, 1991 WL 135006 (Tenn.Crim.App. July 24, 1991). We, therefore, hold that a material variance did not exist as the appellant was sufficiently apprised of the convicted offenses. We reinstate the jury's verdicts as to counts 2 and 4 and remand to the trial court for sentencing on those counts.[3]

REMANDED.

JONES, P.J., and WADE, J., concur.

---

**3.** Although the court sentenced the appellant on these counts prior to dismissal, a new sentencing hearing is proper. The issue of consecutive or concurrent sentencing needs to be addressed on these newly reinstated counts in light of the other affirmed counts.