# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
July 19, 2000 Session

## STATE OF TENNESSEE v. BARRY WATERS ROGERS

**Direct Appeal from the Circuit Court for Giles County**
**No. 8614     Robert L. Jones, Judge**

---

**No. M1999-01389-CCA-R3-CD - Filed October 30, 2000**

---

The appellant, Barry Waters Rogers, appeals his conviction by a jury in the Giles County Circuit Court of driving under the influence of an intoxicant.  On appeal, the appellant challenges the sufficiency of the underlying indictment.  Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, J.J., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Barry Waters Rogers.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On June 10, 1998, a Giles County Grand Jury indicted the appellant, Barry Waters Rogers, for one count of driving under the influence of an intoxicant (DUI).  Specifically, the indictment provides:

> Barry Waters Rogers on or about the 21st day of December, 1997, in Giles County, Tennessee and before the finding of this indictment, did unlawfully and knowingly allow another person, to-wit: John Lewis Jackson, to drive or be in physical control of a motor vehicle upon a public highway, to-wit: on a highway in Giles County, Tennessee, while under the influence of an intoxicant or under the influence of narcotic drugs, or while under the influence of drugs producing stimulating effects on the central nervous system, in violation of Tennessee Code Annotated 55-10-401 . . . .

At trial, the State relied upon a theory of criminal responsibility to establish the appellant's guilt of DUI, and the trial court properly instructed the jury in accordance with Tenn. Code Ann. § 39-11-402 (1997). The jury returned a verdict of guilt of DUI, and the trial court imposed a sentence of eleven (11) months and twenty-nine (29) days incarceration in the Giles County Jail, suspending all but forty-eight (48) hours of the appellant's sentence and placing the appellant on probation.

## II. Analysis

The appellant challenges the sufficiency of the indictment in his case, asserting that the indictment is "a sloppy hybrid of the criminal responsibility statute" and the DUI statute and, therefore, charges neither "offense." Under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Tennessee Constitution, an accused is entitled to notice of the nature and cause of the accusation. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In order to satisfy this constitutional mandate, an indictment must provide a defendant with notice of the offense charged, provide the court with an adequate ground upon which a proper judgment may be entered, and provide the defendant with protection against double jeopardy. State v. Lemacks, 996 S.W.2d 166, 172 (Tenn. 1999); Hill, 954 S.W.2d at 727; State v. Byrd, 820 S.W.2d 739, 740-741 (Tenn. 1991). Tenn. Code Ann. § 40-13-202 (1997) similarly requires that

> [t]he indictment . . . state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court on conviction, to pronounce the proper judgment . . . .

Within the context of these constitutional and statutory mandates, our supreme court in Lemacks, 996 S.W.2d at 172-173, held that an indictment need not include the theories available to support a conviction. The court further held that criminal responsibility is not a separate, distinct crime but merely a theory by which the State may prove the defendant's guilt of the alleged offense based upon the conduct of another person. Id. at 70. See also State v. Farner, No. E1999-00491-CCA-R3-CD, 2000 WL 872488, at * 10 (Tenn. Crim. App. at Knoxville, June 30, 2000); State v. Wilson, No. M1999-01848-CCA-R3-CD, 1999 WL 1209787, at *5 (Tenn. Crim. App. at Nashville, December 17, 1999). Accordingly, the language in the appellant's indictment suggesting the State's reliance upon a theory of criminal responsibility is mere surplusage. An indictment is not fatally defective merely due to the inclusion of surplusage. State v. Jones, 953 S.W.2d 695, 700 (Tenn. Crim. App. 1996); State v. Bullard, No. E1999-00796-CCA-R3-CD, 2000 WL 277314, at *4 (Tenn. Crim. App. at Knoxville, March 15, 2000).

Of course, upon eliminating the surplusage, the indictment must sufficiently apprise the appellant of the charged offense. Id. In this case, aside from the aforementioned surplusage, the indictment precisely tracks the language of the DUI statute and, indeed, includes a citation to the statute. See Tenn. Code Ann. § 55-10-401 (1998). We conclude that the indictment is sufficient. State v. Griffis, 964 S.W.2d 577, 591 (Tenn. Crim. App. 1997)("[a]s a general rule, it is sufficient to state the offense in the words of the statute, or words which are the equivalent to the words contained in the statute").

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE