# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 9, 2005

## JAMES ROBERT WILSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-D-3052      Steve Dozier, Judge**

---

**No. M2004-00933-CCA-R3-PC - Filed June 10, 2005**

---

The petitioner appeals the denial of post-conviction relief, contending that trial counsel was ineffective in: (1) declining a curative instruction following a witness' characterization of the petitioner as "a robber;" (2) failing to object to the untimely disclosure of audiotapes containing statements made by the petitioner to a key prosecution witness; (3) failing to argue that the term "recklessly" was statutorily inapplicable to the petitioner, and because the term was included in the indictment, failing to get a jury instruction on reckless homicide. Upon review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, James Robert Wilson.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Amy H. Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

In October 1998, the petitioner, James Robert Wilson, was indicted by the Davidson County Grand Jury on one count of first degree felony murder and one count of especially aggravated robbery (a Class A felony). He was tried by a jury, convicted as charged, and sentenced to concurrent terms of life imprisonment and twenty years on the charges, respectively. This court affirmed the petitioner's convictions on direct appeal. See State v. James Robert Wilson, No. M2000-00760-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 462 (Tenn. Crim. App., at Nashville, May 24, 2002) perm. to appeal denied (Tenn. Nov. 12, 2002).

On October 9, 2003, the petitioner filed a *pro se* petition for post-conviction relief, averring, *inter alia*, various instances of ineffective assistance of counsel, including:

1)     failure to object to the hearsay testimony of medical examiner Dr. Bruce Levy;

2)     failure to "object to, raise in the motion for new trial and on appeal the trial court's failure to charge the element of 'recklessly' on the request of the State;"

3)     failure to object to or request a jury-out hearing on the admissibility of the statement made by the petitioner to Michael Garcia which resulted from the State's untimely disclosure of the evidence;

4)     failure to attempt to suppress the alleged confession of the petitioner, pursuant to Tennessee Rule of Criminal Procedure 12(b)(3);

5)     failure to request a mistrial based upon untimely disclosure of the petitioner's statement to Michael Garcia;

6)     failure to interview Michael Garcia; and

7)     failure to request a judgment of acquittal based on the fatal variance between the indictment and the proof at trial, which resulted from the State's failure to prove the specific element of "recklessly" as alleged in the indictment.

The post-conviction court appointed counsel, and an amended petition was filed on January 30, 2004, alleging one additional claim: that trial counsel was ineffective in failing to request a curative instruction following the trial court's denial of a motion for mistrial, based upon the unsolicited testimony from Detective Pat Postiglione that "James Wilson had the same reputation in the neighborhood as a robber."

At the post-conviction hearing, trial counsel testified that he had practiced law for nineteen years as both a prosecutor and, in private practice, as a criminal defense attorney. He stated that he had tried "dozens" of murder cases in his career overall and had tried ten murder cases since entering private practice. He stated that he was retained by the petitioner and that he thought the petitioner had a "good chance" of prevailing at trial. Counsel based this opinion on the fact that the State's case was circumstantial in nature and relied on "inconsistent pre-trial statements that [the petitioner] had made, coupled with the testimony of [a] cooperating witness" who had several previous convictions. He stated that he met with the petitioner at least once a week, where they reviewed the evidence and discussed what would occur at trial. Counsel testified that he and the petitioner had "an excellent working relationship" and that both parties communicated effectively.

Counsel further testified that he received audiotapes of messages left by the defendant on the answering machine of the State's cooperating witness, Michael Garcia ("Garcia"), only a few days before trial. Counsel indicated that the audiotapes were played over an objection by the defense, following a jury-out hearing in which the trial court held the tapes to be both relevant and admissible. Counsel testified that he believed the State had made an untimely disclosure of the tapes and that he brought the issue to the attention of the trial court during the relevance hearing. However, the court reporter failed to transcribe the hearing containing the objection. Counsel testified that, in the motion for new trial, the State conceded that the disclosure objection was made before the trial court,

although it was not recorded. While this court deemed the Rule 16 disclosure objection waived on direct appeal, counsel maintained that he made it clear in his Rule 11 application to the supreme court that he had indeed objected to the untimely disclosure.

Counsel further testified that, at the close of proof, he made a motion for judgment of acquittal challenging the inclusion of the term "recklessly" in the indictment and further requested an instruction on "recklessly." He stated that the trial court overruled his motion and declined the instruction he requested because it deemed the term "reckless" surplusage in the indictment. Counsel stated that, although he objected to the instruction in the trial court, he did not raise the issue in the motion for new trial. On direct appeal, a panel of this court found the trial court's error, if any, to be harmless.

Counsel also testified that Detective Pat Postiglione ("Postiglione") made a statement at trial which characterized the petitioner as "a robber." Thereafter, the defense moved for a mistrial, but the trial court denied the motion and offered a curative instruction, which was declined by counsel. At the post-conviction hearing, counsel stated that declining the trial court's offer was a tactical decision to prevent the negative characterization from being further highlighted to the jury. Counsel acknowledged that, as a consequence of denying the offer for the instruction, his challenge to the trial court's denial of a mistrial was waived on appeal.

As the final witness at the post-conviction hearing, the petitioner testified that he met with counsel once a week beginning approximately one year before trial. The petitioner recalled that he and counsel spoke about the case and about what Garcia's testimony would entail. He further stated that counsel's strategy was to impeach Garcia with prior convictions. The petitioner testified that he had a good relationship with counsel and that they were able to effectively communicate. On cross-examination, he stated that he did not recall counsel informing him that he could request a continuance based upon the State's late disclosure of the audiotapes.

At the conclusion of the hearing, the post-conviction court took the matter under advisement and subsequently issued a written order denying relief. On appeal to this court, the petitioner's contentions are limited to the following:

1) counsel's failure to request a curative instruction after the trial court's denial of the petitioner's motion for mistrial based upon Detective Postiglione's characterization of the petitioner as "a robber;"

2) counsel's failure to object to the untimely disclosure of audiotaped statements of the petitioner recorded on Garcia's answering machine; and

3) counsel's failure to argue in the motion for new trial and on direct appeal that the term "recklessly" was not statutorily applicable as an element of felony murder, and further, since it was included as a term in the indictment, failure to request a jury instruction of reckless homicide.

Upon review, we conclude that the first claim presented does not meet either requirement of the test for ineffective assistance of counsel and that the remaining issues were raised and decided on direct appeal. Therefore, we affirm the denial of the post-conviction petition.

<u>Analysis</u>

This court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984). The petitioner has the burden to prove that:  (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial.  <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990).  The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient.  <u>Goad</u>, 938 S.W.2d at 370.  In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine if counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. <u>Baxter</u>, 523 S.W.2d at 936.  The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance.  <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; <u>State v. Honeycutt</u>, 54 S.W.3d 762, 769 (Tenn. 2001).  Therefore, in order to prove a deficiency, "a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms."  <u>Goad</u>, 938 S.W.2d at 369 (citing <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "'fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn. 2002) (citing <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065).  The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation.  However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.  <u>Henley v. State</u>, 960 S.W.2d 572, 579 (Tenn. 1997); <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner first alleges that trial counsel rendered ineffective assistance for failure to accept a curative instruction based upon Detective Postiglione's characterization of the petitioner as "a robber."  On direct appeal, the petitioner alleged that the trial court erred in denying a mistrial following Detective Postiglione's statement at trial.  However, a panel of this court concluded that "[b]y declining the trial court's offer of a curative instruction, [the petitioner] is not entitled to relief when he fails 'to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.'" <u>Wilson</u>, 2002 Tenn. Crim. App. LEXIS 462, at *37.  We are called upon to address whether counsel's failure to accept a curative instruction amounts to ineffective assistance of counsel.

-4-

At the post-conviction hearing, trial counsel explained his decision by stating that it was "tactical" in nature and was grounded in the belief that a curative instruction would further highlight Detective Postiglione's negative characterization to the jury. This court has previously held that, in this context, "the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings." Robert Ledford v. State, No. E2004-01744-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 268 (Tenn. Crim. App., at Knoxville, Mar. 24, 2005) (citing Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994)). Upon review of the record, we conclude that counsel's refusal of a curative instruction was based upon a sound trial strategy and did not amount to deficient performance. Furthermore, we note that the petitioner fails to state with any specificity how he was prejudiced by counsel's omission. Therefore, we conclude thatneither Strickland requirement has been met.

The petitioner also contends that trial counsel was ineffective in failing to object to the State's untimely disclosure of audiotaped statements made by the petitioner. However, this issue is not cognizable in a post-conviction petition because such proceedings "may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal." Long v. State, 510 S.W.2d 83, 87 (Tenn. Crim. App. 1974) (citations omitted). Although our direct appeal opinion initially noted that the issue was waived for failure "to raise an objection under Rule 16 in the trial court," it proceeded to the merits of the issue and concluded that "[i]n any event we find that Defendant has failed to show that he was prejudiced by the alleged 'delayed production' of the audiotapes." Likewise, a review of the record before us reveals that the petitioner has failed to show how he was prejudiced by counsel's action.

Finally, the petitioner avers that trial counsel was ineffective in failing to argue that the term "recklessly" was not applicable as an element of felony murder and in failing to request a jury instruction on reckless homicide since it was included as a term in the indictment. Although this issue was also initially deemed waived, a panel of this court went on to address the merits of the contention in the direct appeal opinion and concluded that the term "reckless" was surplusage and that any error which may have occurred in failing to instruct on the requested offenses was harmless. Specifically, the direct appeal opinion stated:

> We find that the "reckless" language contained in the indictment was surplusage, see State v. Jones, 953 S.W.2d 695, 700 (Tenn. Crim. App. 1996), and its use cannot change the essential elements of the offense. See State v. Witherspoon, 769 S.W.2d 880, 884 (Tenn. Crim. App. 1988).
> . . .
> Even if the trial court erred by failing to instruct the jury on the offenses of reckless homicide and criminally negligent homicide as lesser-included offenses of felony murder, we find that the error was harmless beyond a reasonable doubt. In this case, the trial court instructed the jury on both felony murder and the lesser-included offense of second degree murder. The jury convicted Defendant of felony murder. "By finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all

other lesser offenses." <u>State v. Williams</u>, 977 S.W.2d 101, 106 (Tenn. 1998).
Defendant is not entitled to relief on this issue.

We conclude, as did the direct appeal panel, that the petitioner has failed to show prejudice as a result of this error.

<u>Conclusion</u>

The denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE