# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**ANTHONY REID v. STEVEN DOTSON, WARDEN**

**Direct Appeal from the Circuit Court for Hardeman County**
**No. R.D. 06-02-0186   Joe H. Walker, III, Judge**

---

**No. W2006-02325-CCA-R3-HC  - Filed May 3, 2007**

---

The Petitioner, Anthony Reid, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Anthony Reid, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

A Bradley County jury convicted the Petitioner, Anthony Reid, of first degree felony murder, especially aggravated robbery, aggravated robbery, attempted aggravated robbery and evading arrest. The trial court imposed an effective sentence of life plus twenty-five years. *Anthony Reid v. State*, E2003-01953-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Mar. 29, 2004), *perm. to appeal denied*,

(Tenn. Sept. 13, 2004). On direct appeal, this Court affirmed the convictions, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. *State v. Anthony Reid,* No. E2000-02619-CCA-R3-CD (Tenn. Crim. App., at Knoxville, July 20, 2001), *perm. app. denied* (Tenn. Dec. 27, 2001). The Petitioner then sought post-conviction relief. His attempts were unsuccessful at the trial level and on appeal. *Anthony Reid v. State*, E2003-01953-CCA-R3-PC. The Petitioner is currently confined at the West Tennessee State Penitentiary in Hardeman County.

On September 20, 2006, the Petitioner sought habeas corpus relief in the Hardeman County Circuit Court. As ground for relief, the Petitioner alleged that the judgment of conviction for first degree felony murder was void as it alleged the element of "recklessness." The *mens rea* of "recklessness" was redacted by legislative amendment in 1995. On September 26, 2006, the trial court denied habeas corpus relief. A notice of appeal document was timely filed.

Our supreme court's most recent decision regarding habeas corpus relief was recently filed in the case of *Summers v. State,* 212 S .W.3d 251 (Tenn 2007). In that opinion, our supreme court set forth well settled law regarding habeas corpus relief:

> The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State,* 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower courts. *State v. Livingston,* 197 S.W.3d 710, 712 (Tenn. 2006).

> The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." . . .

> Although no statute of limitations exists for filing a habeas corpus petition, the grounds upon which habeas corpus relief will be granted are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993) (quoting *State v. Galloway,* 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). Thus, the writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner after his term of imprisonment or other restraint has expired. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn.1992). Unlike a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Id.* A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Dykes v. Compton,* 978 S.W .2d 528, 529 (Tenn.1998). A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment. *Id.*

*Summers,* 212 S.W.3d at 255-256.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State,* 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn.1998). "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." *Id.* (citations omitted).

The Petitioner contends that the indictment is defectively flawed because the indictment included an additional element of *mens rea* of the offense of felony murder. Specifically, the Petitioner alleges that the inclusion of the *mens rea* of "recklessness" voids the indictment. The Tennessee General Assembly amended the felony murder section in 1995 to remove the word "reckless" from the felony-murder statute. This became effective July 1, 1995, after the commission of the crime and the return of indictment in this case.

Prior panels of this Court have concluded that the "reckless" language contained in the indictment was surplusage, *see State v. Jones,* 953 S.W.2d 695, 700 (Tenn. Crim. App.1996), and its use cannot change the essential elements of the offense. *See State v. Witherspoon,* 769 S.W.2d 880, 884 (Tenn. Crim. App. 1988). Additionally, our supreme court has held that reference to the appropriate statute provides notice to the defendant of the applicable *mens rea*, notice of the offense upon which to enter the judgment, and protection from subsequent prosecution on the same offense. *See State v. Carter*, 988 S.W.2d 145 (Tenn. 1999). The indictment also meets the requirements of section 40-13-202, Tennessee Code Annotated. The language of the felony murder counts was legally sufficient under *Ruff v. State,* 978 S.W.2d 95 (Tenn. 1998). Thus, Petitioner is not entitled to habeas relief as to this claim.

For the reasons stated herein, we conclude that the trial court did not err in dismissing the petition for habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE